## DUPRE v. DENISON et al.

### (District Court, N. D. New York. February 23, 1920.)

INJUNCTION ⊕174—CONTINUANCE OF TEMPORARY INJUNCTION IN SUIT OVER OWNERSHIP OF PATENT DENIED.

A temporary injunction restraining an assignee of a patent from disposing of rights thereunder or issuing licenses will not be continued on the unsupported affidavit of plaintiff that he was induced to sign the assignment by misrepresentations that it was a power of attorney, where he concedes that he read the instrument and the misrepresentations are denied by counter affidavits.

In Equity. Suit by William H. Dupre against Howard P. Denison and another. On motion to continue a temporary injunction. Motion denied.

Motion to continue an injunction restraining the defendants from disposing of rights under or granting licenses to use a certain patent originally granted to William H. Dupre, letters patent No. 927,337, dated July 6, 1909, for "lubricating means."

James F. Hubbell, of Utica, N. Y. (Charles B. Mason, of Utica, N. Y., of counsel), for complainant.

Eugene A. Thompson, of Syracuse, N. Y. (Le Roy B. Williams, of Syracuse, N. Y., of counsel), for defendants.

RAY, District Judge. On the complaint and the affidavit of the plaintiff an order was made by me on or about December 22, 1919, temporarily enjoining the defendants from incumbering by licenses or otherwise the title to the patent mentioned in the moving papers, and which was originally issued to the plaintiff in this action, who resides at Vicksburg, state of Mississippi. Such order required the defendants to show cause December 31, 1919, why such injunction order should not be continued during the pendency of this action and until it is finally determined. The defendants have filed certain affidavits, which deny substantially all the material allegations of the moving papers.

The plaintiff contends that the defendant Denison came to his place of business in the city of Vicksburg, state of Mississippi, on the 7th of November, 1919, and in substance represented that he desired and would be willing to become the agent of the plaintiff for the purpose of selling rights to use the patent above referred to, and that said Denison finally induced him to sign a paper which the plaintiff supposed was a power of attorney giving Denison the right to sell rights under said patent as agent for the plaintiff, and that, believing he was signing such a power of attorney, he executed and acknowledged the instrument which turned out to be an assignment to the Bowen Products Corporation, of the City of Syracuse, N. Y., of the said letters patent and of all rights thereunder. The paper executed by Dupre on the 7th of November, 1919, was acknowledged before John Howard, a notary public of the county of Warren, city of Vicksburg, state of Mississippi, and the acknowledgment bears the seal of said Howard. This assign-

ment was recorded in the United States Patent Office November 15, 1919.

The defendants contend that Mr. Denison went to Mr. Dupre at the time the assignment was executed for the purpose of purchasing the patent; that there was no misrepresentation, and no statement by Mr. Denison to the effect that he desired to become or would become the agent of Dupre in disposing of rights under such patent; that Dupre showed a perfect willingness to dispose of his rights in the said patent; and that Mr. Denison, in behalf of the Bowen Products Corporation, which he represented, purchased the said patent for the sum of $500 and paid the consideration at the time. Dupre concedes that he read the instrument which he signed on the day in question. There is no pretense he was in any way prevented from reading it, or ascertaining fully the contents of such instrument. Mr. Howard, who took the acknowledgment of Mr. Dupre to the assignment of the patent November 7, 1919, does not make any affidavit on the subject. No one makes affidavit to the effect that Mr. Denison represented to Dupre that the instrument signed by Dupre was other than it purported to be; that is, an assignment of the patent and of all rights thereunder. I do not think the complaint and sustaining affidavits, the allegations of which are supported by the affidavits of Dupre alone, an interested party, are sufficient to overcome the denials of Mr. Denison, or to justify an injunction as prayed for.

There will be an order denying the motion.